## SETTLEMENT AGREEMENT AND GENERAL RELEASE

Nakia C. Mitchell, including Mitchell's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), and U.S. Xpress, Inc. ("U.S. Xpress") agree that:

1.      **Last Day of Employment.** Employee's last day of employment with U.S. Xpress was approximately January 27, 2011.

2.      **Consideration.**   In consideration for Employee's execution of this Settlement Agreement and General Release and compliance with its terms:

a.      U.S. Xpress agrees to pay a total of four thousand five hundred dollars ($4,500.00) within fifteen (15) calendar days after the United States District Court for the Northern District of Georgia approves the terms of this Agreement and dismisses all claims in Mitchell v. U.S. Xpress, Inc., Case No. 1:12-CV-03443-MHS (N.D. Ga.) with prejudice.  This Agreement is subject to approval by the Court.

b.      Subject to Court approval, U.S. Xpress and Employee agree that U.S. Xpress will allocate the consideration set forth in Paragraph 2(a) as follows: (1) U.S. Xpress will pay Employee one thousand five hundred dollars ($1,500.00).  U.S. Xpress will issue Employee a Form 1099 for this payment, and Employee agrees to pay all applicable taxes on this payment.  (2) U.S. Xpress will also pay to Employee's counsel, Morgan and Morgan, P.A., three thousand dollars ($3,000.00) in attorney's fees and costs.  U.S. Xpress will issue Morgan and Morgan a Form 1099 for this payment.

Employee and U.S. Xpress agree that any change in the foregoing allocation or amounts ordered by the United States District Court for the Northern District of Georgia shall not impact the enforceability of this Agreement so long as U.S. Xpress is required to pay Employee and his counsel no more or no less than a total of four thousand five hundred dollars ($4,500.00).

c.      Employee agrees to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Northern District of Georgia and agrees to take all action necessary to have his claims in Mitchell v. U.S. Xpress, Inc., Case No. 1:12-CV-03443-MHS (N.D. Ga.) withdrawn and dismissed with prejudice.

3.      **No Consideration Absent Execution of this Settlement Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Settlement Agreement and General Release and the fulfillment of the promises contained herein.

4.      **General Release of All Claims**.  Employee knowingly and voluntarily releases and forever discharges U.S. Xpress, its current and former parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their

1

business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Settlement Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Settlement Agreement and General Release, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Fair Labor Standards Act;

- Georgia AIDS Confidentiality Act – O.C.G.A. §24-9-47;

- Georgia Equal Pay Act (Sex Discrimination in Employment) – O.C.G.A. §34-5-1 et seq.;

- Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. §34-6A-1 et seq.;

- Georgia Wage Payment and Work Hour Laws;

- City of Atlanta Anti-Discrimination Ordinance, Part II, Chapter 94, Article 11, Section 94-10 et seq.

- any other federal, state or local law, rule, regulation, or ordinance

2

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Settlement Agreement is a party.

5.    **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against U.S. Xpress, except the claims in <u>Mitchell v. U.S. Xpress, Inc.</u>, Case No. 1:12-CV-03443-MHS (N.D. Ga.).

Employee also affirms that Employee has reported all hours worked as of the date Employee signs this release and has been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled. Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of U.S. Xpress and will continue to maintain the confidentiality of such information consistent with U.S. Xpress's policies, Employee's agreement(s) with U.S. Xpress, and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by U.S. Xpress or its officers, including any allegations of corporate fraud. Both Parties acknowledge that this Settlement Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Employee shall not apply in the future for employment with U.S. Xpress because of, among other things, irreconcilable differences.

6.    **Confidentiality and Return of Property**. Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or

3

substance of this Settlement Agreement and General Release, except to Employee's spouse, tax advisor, and/or an attorney with whom Employee chooses to consult regarding Employee's consideration of this Settlement Agreement and General Release. This shall not prohibit Employee from disclosing the information expressly set forth in this Settlement Agreement and General Release to the United States District Court for the Northern District of Georgia in connection with seeking approval of this settlement or dismissal of his claims against U.S. Xpress.

Employee affirms that Employee has returned all of U.S. Xpress's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at U.S. Xpress's premises and that U.S. Xpress is not in possession of any of Employee's property.

7.     **Governing Law and Interpretation.** This Settlement Agreement and General Release shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Settlement Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and General Release and/or to seek any damages for breach. Should any provision of this Settlement Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement and General Release in full force and effect.

8.     **Nonadmission of Wrongdoing.** The Parties agree that neither this Settlement Agreement and General Release nor the furnishing of the consideration for this Settlement Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.     **Amendment.** This Settlement Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement and General Release.

10.     **Entire Agreement.** This Settlement Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Settlement Agreement and General Release, except for those set forth in this Settlement Agreement and General Release.

11.     This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by

4

facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Settlement Agreement and General Release as of the date(s) set forth below:

U.S. Xpress, Inc.

By: _____
    Nakia C. Mitchell

Date: 3\5\13

By: _____
    Lisa Pate
    Chief Administrative Officer

Date: 3/7/13

5